# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ESTATE OF JOSE PABON-LUGO et al.,**

**Plaintiffs**

**v.**

**AMERICAN GENERAL LIFE**

**INSURANCE CO. et al.,**

**Defendants.**

**CIVIL NO. 13-1463 (GAG)**

## MEMORANDUM ORDER

On February 20, 2015, the undersigned issued its Opinion and Order granting in part, Transamerica Life Insurance ("Transamerica") and ReliaStar Life Insurance Company's ("ReliaStar") Motion for Summary Judgment with respect to Plaintiffs' fraud and negligence claims. (Docket No. 178.) On that same date, the Court issued a Certification to the Puerto Rico Supreme Court inquiring the following: "Does the clause 'suicide, sane or insane' apply with or without disregard to whether the insured could understand and appreciate the physical nature and consequences of the act which resulted in his death." (Docket No. 183.) Accordingly, the Court deferred its ruling on Defendants' arguments regarding Plaintiffs' breach of contract and wrongful exclusion of death benefits claim.

In support of summary judgment, Transamerica and ReliaStar argue that Plaintiffs' breach of contract and wrongful exclusion of death benefits claims failed because both Transamerica and ReliaStar complied with the plain and unambiguous terms of the policies when they paid the beneficiaries the premiums that had been paid on each policy prior to Pabón-Lugo's death. (Docket Nos. 146 at 5-14; 147 at 5-14.) Specifically, they contended that the

1

suicide exclusion clauses render the insured's state of mind at the time of his death irrelevant. (Docket Nos. 146 at 6-11; 147 at 6-14.) Plaintiffs argue that despite the express language in the suicide provisions of both life insurance policies, pursuant to case law across the country, Defendants have the burden of proving that Pabón-Lugo intended to kill himself, which they cannot do because Pabón-Lugo's severe intoxication at the time of his death rendered him incapable of forming the requisite intent. (Docket Nos. 152 at 9-13; 156 at 11-18.)

The undersigned requested guidance from Puerto Rico Supreme Court, reasoning that "th[is] inquiry involves an examination into what the parties intended when entering into the insurance contract: is the intent of the insured at the moment he killed himself relevant? As such, the question seems to involve less a technical inquiry into the definitions of suicide and sanity and involve more principles of Puerto Rico contract law." (Docket No. 183) (citing P.R. LAWS ANN. tit. 31, §§ 3471-3478.) On May 29, 2015, the Puerto Rico Supreme Court denied this Court's request. (Docket No. 194.)

Subsequently, Transamerica and ReliaStar supplemented the pending argument in support of summary judgment. (Docket Nos. 198 & 202.) Plaintiffs opposed. (Docket No. 214.) Defendants start off differentiating the instant case from the Puerto Rico Supreme Court decision in Laureano Perez v. Soto. Moreover, Defendants highlight the fact that in 2007, the Puerto Rico Legislature amended the Insurance Code to allow an insurance company to limit its liability under its life insurance policy whenever a death occurs. Id. In conclusion, Defendants argue that the clear and express terms of the insurance the unqualified words "sane or insane," encompass the entire range of possible mental states.

**Civil No. 13-1463 (GAG)**

**I.      Discussion**

In light of the Supreme Court's denial of Certification, the undersigned has no other option than to predict what the Commonwealth forum would have determined, and thus, rule accordingly. When faced with an undecided issue of state law and no clear precedent, federal courts have two options: they may ask the State's highest forum or predict the course that would be taken by the state forum. Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 (1st Cir. 2009); see also Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 25-26 (explaining that "[a]bsent controlling state precedent, a federal court sitting in diversity may certify a state law issue to the state's highest court, or undertake its prediction when the course [the] state courts would take is reasonably clear.")

The Court turns to interpret the suicide exclusion clause at issue under to Puerto Rico Contract law. Contracting parties will be bound by their contractual obligations, which must be fulfilled in accordance with the terms of the agreement. P.R. LAWS ANN. tit. 31, § 2994; Mercado-Salinas v. Bart Enterprises Int'l, Ltd., 852 F. Supp. 2d 208, 217 (D.P.R. 2012) on reconsideration in part, 889 F. Supp. 2d 265 (D.P.R. 2012). If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, then the literal terms of the contract will be observed, tit. 31, § 3471, and "a court should not look beyond the literal terms of the contract." Vulcan Tools of P.R. v. Makita U.S.A., Inc., 23 F.3d 564, 567 (1st Cir. 1994) (internal quotations omitted); see Mercado-Salinas, 852 F. Supp. 2d at 217. "Under Puerto Rican law, an agreement is clear when it can be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation." Yordan v. Burleigh Point, Ltd., 552 F. Supp. 2d 200, 203 (D.P.R. 2007) (citations omitted) (internal quotation marks omitted);

see also Plaza Carolina Mall, L.P. v. Mun. of Barceloneta, 91 F. Supp. 3d 267, 282 (D.P.R. 2015), reconsideration denied, No. CIV. 13-1264 GAG, 2015 WL 4129665 (D.P.R. 2015).

Pursuant to Court's exhaustive review of how courts across the country construe "sane or insane" clauses and Puerto Rico contract interpretation provisions, the undersigned reasons that absent ambiguity, the literal sense of the terms of the agreement shall prevail.  For this reason, the Court sides with Defendants and the majority of courts in this issue.  As recognized in this Court's request for certification to the Puerto Rico Supreme Court, "[t]he majority view holds that for an act to be 'suicide, sane or insane,' it is not necessary for the insured to have realized or appreciated the physical nature or consequences of his act, nor did he need to form the conscious purpose to kill himself.  As such, intent of the deceased insured is an irrelevant inquiry when precluding death benefits because of suicide." (Docket No. 183 at 7.)  See  U.S. Fid. & Guar. Co. v. Blum, 258 F. 897 (9th Cir. 1919); Ann Arbor Trust Co. v. North American Co. for Life & Health Ins., 383 F. Supp. 310 (E.D. Mich. 1974), aff'd, remanded on other grounds, 527 F.2d 526 (6th Cir. 1975); Seitzinger v. Modern Woodmen of America, 204 Ill. 58, 68 N.E. 478 (1903); Moore v. Northwestern Mut. Life Ins. Co., 192 Mass. 468, 78 N.E. 488 (1906); Aetna Life Ins. Co. v. McLaughlin, 380 S.W.2d 101 (Tex. 1964); Relevance of Insured's Knowledge and Appreciation of Physical Consequences or Nature of Act, 9A Couch on Ins. § 138:38.  Id. "The majority views the plain language of the clause and reasons that because no additional words having a more technical meaning were inserted into the contract, the parties must have intended to cover every case of suicide and to not attempt to measure the degrees of insanity." (Docket No. 183 at 8.)

The provision at issue included in both Transamerica's and ReliaStar's policies, provides that "[i]f the Insured commits suicide, while sane or insane, within two years of the Issue Date,

**Civil No. 13-1463 (GAG)**

we will pay only the amount of premiums paid to us." (Docket Nos. 145 ¶¶ 10, 20; 148 ¶ 5; 157 ¶ 5.)  In accordance with the provisions of the Puerto Rico Civil Code that govern contract interpretation, the Court finds that the terms of the clause at issue are clear, express and devoid of any ambiguity that could suggest the parties intended to include the insured's intention to commit suicide and that Defendants have the burden of proving said requirement.  The Court agrees with Defendants that the clear and express terms of the insurance the unqualified words "sane or insane" encompass the entire range of possible mental states.   The provision leaves no room for doubt as to the intentions of the parties, therefore the literal terms of the contract shall be observed.

## II.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants Transamerica and ReliaStar's Motion for Summary Judgment at Docket Nos. 145 & 146.  Plaintiffs' breach of contract and wrongful exclusion of death benefits claim is hereby **DISMISSED**.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 19th day of July, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge